# EXHIBIT 5

EXHIBIT 5

**BARNES & THORNBURG LLP**

Suite 4400
One North Wacker Drive
Chicago, Illinois 60606-2833 U.S.A.
(312) 357-1313
Fax (312) 759-5646

Brian W. Lewis
(312) 214-5608
Brian.lewis@btlaw.com

www.btlaw.com

October 22, 2010

*VIA EMAIL AND OVERNIGHT MAIL*

Martin P. Schrama, Esq.
Stark & Stark, P.C.
PO Box 5315
Princeton, NJ 08543-5313
Email: *MSchrama@stark-stark.com*

    Re:    *Square D Company v. Gaffney-Kroese Supply Corp., et al.*

Dear Mr. Schrama:

    The purpose of this letter is to follow up on your September 27, 2010 letter concerning Gaffney-Kroese Supply Corp.'s ("Gaffney-Kroese") violation of the February 19, 2009 Agreed Consent Order for Permanent Injunctive and Other Relief ("Consent Order"). While we appreciate your response, there are a few items that require clarification before we can proceed.

    First, Gaffney-Kroese did violate the Consent Order and has available sources to it (Home Depot) that are permitted sources under the terms of the Protective Order. Further purchases by Gaffney-Kroese from other non-retail sources will be a violation of the Consent Order that will be brought to the attention of the Court.

    Second, we dispute your characterization of Crawford Electric's business as a "similar retail source" as those terms are defined under the Consent Order. Crawford Electric is, indeed, an authorized distributor of Square D products, but is not a retail source similar to Home Depot. Crawford Electric cannot sell Square D products to the public at-large through its showrooms. For this and other reasons, Crawford Electric is not a similar retail source to Home Depot.

    Third, you indicated that Gaffney-Kroese will (1) tender the nominal sum of revenue to Square D (as consistent with paragraph 10 of the parties' settlement agreement), and (2) immediately tender its remaining stock of QO® circuit breakers to Square D. Square D might agree to both of these conditions, but only if the amount owed is appropriately calculated under the terms of the parties' settlement agreement. Gaffney-Kroese's total revenues for improper sales far exceed $613. Accordingly, your September 27, 2010 offer is respectfully declined.

Chicago    Elkhart    Fort Wayne    Grand Rapids    Indianapolis    South Bend    Washington, D.C.

October 22, 2010
Page 2

    Gaffney-Kroese owes Square D $1,319.84 (representing the price paid for the 181 QO® circuit breakers purchased in violation of the Consent Order), plus $1,137.50 (representing the attorneys' fees incurred by Square D for 3.5 hours of work expended in gaining Gaffney-Kroese's compliance with the terms of the Consent Order) for a total amount of $2,457.24.

    Without precluding or waiving any rights that Square D has under the terms of the parties' settlement agreement or the Consent Order, Square D will consider this issue resolved on the following conditions: (1) Gaffney-Kroese tenders the amount of $2,457.24 to Schneider Electric USA, Inc. by cashier's check within 10 business days, (2) within 5 business days, Gaffney-Kroese makes available for pick-up by Square D's representative or carrier any Square D inventory in its possession; (3) Gaffney-Kroese agrees to amend the Consent Order so Square D's representative has complete access to Gaffney-Kroese's facility during future inspections to ensure compliance with the terms of the Consent Order; and (4) Gaffney-Kroese signs the attached certification relating to the inspection of Square D products and its violation of the Consent Order.

    Otherwise, Square D will be forced to preserve its rights under the terms of the settlement agreement and Consent Order. Square D requires a response to the above request by the close of business on October 29, 2010.

Very truly yours,

Brian W. Lewis

cc: Tim Walker, Esq.

BARNES&THORNBURG LLP

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SQUARE D COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07C 3897 |
| | ) |
| GAFFNEY-KROESE SUPPLY | ) |
| CORPORATION individually and | ) |
| dba INDUSTRIAL EXCHANGE | ) |
| AND SUPPLY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATION PURSUANT TO FEBRUARY 19, 2009 CONSENT ORDER
FOR PERMANENT INJUNCTIVE AND OTHER RELIEF**

I, _____, having been sworn on oath, attest to the following on personal knowledge:

1. I am currently the _____ [title] and an officer of Gaffney-Kroese Supply Corporation ("Gaffney-Kroese"), one of the parties to the February 19, 2009 Consent Order for Permanent Injunctive and Other Relief ("Consent Order"), entered in the above-captioned matter.

2. I certify that I am authorized to make the following certifications and statements on behalf of Gaffney-Kroese.

3. On or about August 5, 2010, Gaffney-Kroese allowed Square D to inspect its QO® circuit breaker inventory, as those QO® one-pole circuit breakers, two-pole circuit breakers, and tandem circuit breakers are defined under paragraph 6 of the Consent Order (collectively, "QO® circuit breaker inventory"), at its Piscataway facility pursuant to paragraph 7 of the Consent Order.

4. Gaffney-Kroese certifies that any and all Square D QO® circuit breaker inventory in the possession, custody, or control of Gaffney-Kroese (including product located at other facilities) was made available to Square D at the Piscataway facility for the inspection on August 5, 2010.

5. Gaffney-Kroese certifies that Gaffney-Kroese, its agents, representatives, officers and employees have not imported, purchased, acquired, marketed, distributed, sold or offered for sale counterfeit circuit breakers bearing trademarks registered to Square D or Schneider Electric since the entry of the Consent Order on February 19, 2009 until the date of this certification.

6. Gaffney-Kroese certifies that Gaffney-Kroese, its agents, representatives, officers and employees have complied with the quantity restrictions on QO® one-pole circuit breakers, two-pole circuit breakers and tandem circuit breakers sold by Gaffney-Kroese under paragraph 6 of the Consent Order since the entry of the Consent Order on February 19, 2009 until the date of this certification.

7. Gaffney-Kroese certifies that, as of the day of this certification, Gaffney-Kroese, its agents, representatives, officers and employees have violated the purchasing restrictions on QO® one-pole circuit breakers, two-pole circuit breakers and tandem circuit breakers purchased by Gaffney-Kroese under paragraph 6 of the Consent Order since the entry of the Consent Order on February 19, 2009 until the date of this certification.

8. Gaffney-Kroese certifies that any records reflecting Gaffney-Kroese's purchases and sales of QO® one-pole circuit breakers, two-pole circuit breakers, and tandem circuit breakers since February 19, 2009 have been produced to Square D.

FURTHER AFFIANT SAYETH NOT.

_____

STATE OF _____

COUNTY OF _____

Subscribed and sworn to
before me this ____ day
of October, 2010.

_____
Notary Public

3